IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DALE SCHRAGE,<br><br>Defendant. | Case No. CR10-3010<br><br>ORDER FOR PRETRIAL DETENTION |

On the 15th day of April, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On April 2, 2010, Defendant Dale Schrage was charged by Indictment (docket number 2) with being a felon in possession of firearms and ammunition. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 7, 2010.

Special Agent Dee Loper of the Department of Alcohol, Tobacco & Firearms ("ATF") testified regarding the circumstances underlying the instant charge. On January 4, 2010, officers of the Mason City Police Department responded to Defendant's residence after receiving a 911 call regarding a domestic disturbance. The alleged victim, Sunday Nehman, told officers that Defendant had a firearm. Defendant denied that he had a weapon, but produced a box of ammunition for a .25 caliber handgun. After obtaining a search warrant, officers found a loaded .25 caliber handgun in a bedroom closet, and a rifle behind drywall in a bathroom. The handgun was loaded, with a round in the

1

chamber. The bolt was missing from the rifle, however, and it was described as "dusty and cobwebby." Defendant told officers that he did not tell them about the weapons because he "was afraid."

According to the pretrial services report, Defendant is 49 years old and resides in Mason City. Defendant has an eighth grade education and is employed as a tree trimmer. Defendant told the pretrial services officer that he has never been married, but he has four adult children from a prior relationship.

Defendant is in good physical health and has no history of mental health problems, although he has taken anger management classes in the past. By his own admission, Defendant typically consumed about six cans of beer a day, but he told the pretrial services officer that he has not had any alcohol since October 15, 2009. Defendant used marijuana on a regular basis from the age of 17 until about two years ago.

Defendant has a lengthy prior criminal record, dating back to 1980, as detailed in the pretrial services report. It appears that Defendant has been imprisoned on three occasions and has been jailed on numerous other occasions. Defendant's convictions include alcohol and drug-related offenses, as well as assaultive behavior and carrying weapons. Defendant has violated his probation by committing additional public offenses on numerous occasions, and has failed to appear at court proceedings on more than ten occasions.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been

charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of firearms and ammunition. The weight of the evidence against Defendant is strong. Defendant produced a box of ammunition to officers and, after guns were found during a search, Defendant made statements confirming that he knew the weapons were there. Defendant has lived in the north central Iowa area all of his life and is regularly employed as a tree trimmer. It appears, however, that Defendant is a regular user of alcohol and controlled substances. Defendant has a long list of criminal convictions dating back 30 years. Many of the offenses were committed while Defendant was on probation or pretrial release. In addition, Defendant has been found guilty of violating "no contact" orders on numerous occasions. Defendant has also failed to appear at court proceedings on at least ten occasions. The Court has no confidence that Defendant will comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

# ORDER

IT IS THEREFORE ORDERED as follows:

1.    The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.    The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.    On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Government's oral motion to detain (April 12, 2010) to the filing of this Ruling (April 15, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.    18 U.S.C. § 3161(h)(1)(F).

DATED this 15th day of April, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA